Filed 8/28/23  Farmhouse DTLA v. Los Angeles Farmers CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| FARMHOUSE DTLA INC., | B314965 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BC681251 |
| LOS ANGELES FARMERS, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Arthur D. Hodge; Krane & Smith, Marc Smith and Vadim Braslavsky for Defendant and Appellant.

Pritzker Levine, Jonathan K. Levine and Bethany L. Caracuzzo for Plaintiff and Respondent.

_____

This is a straightforward case of forfeiture.  A party prevailed in arbitration and asked the trial court to confirm the

award.  The losing party objected to this.  The court confirmed the award.  The losing party appeals the judgment and raises arguments it did not present when the court was deciding whether to confirm the award.  The losing party forfeited these arguments.  We affirm.

The winning party at arbitration was Farmhouse DTLA Inc. (Farmhouse).  The losing party was Los Angeles Farmers, Inc. (LA Farmers).  Farmhouse petitioned the trial court to confirm the arbitration award.

LA Farmers objected and asked the court to vacate the award.  LA Farmers said the award was improper because it: (1) did not fully adjudicate all issues, (2) gave indefinite ongoing relief, (3) imposed a monitor, and (4) granted specific performance without adequate notice.

The court confirmed the award.  It considered and rejected LA Farmers' four arguments.  It entered a judgment in favor of Farmhouse.  LA Farmers appeals this judgment.

On appeal, LA Farmers does not renew its original arguments.  Instead, it argues:  (1) the arbitration decision violated public policy, (2) the arbitration decision violated federal tax law, (3) we could interpret a contract at issue not to violate public policy and federal tax law, and (4) LA Farmers did not agree to be in an illegal partnership.

These appellate theories for opposing the award are new.  The general rule is that parties may not for the first time on appeal change their theories of recovery.  (*Phillippe v. Shapell Industries* (1987) 43 Cal.3d 1247, 1256.)  LA Farmers asks us to overturn a trial court decision for reasons it did not give the trial court.  This is improper.  LA Farmers has forfeited its novel appellate arguments.

LA Farmers and Farmhouse each request judicial notice of exhibits they acknowledge were not before the trial court.  We deny these requests.  (See Evid. Code, §459.)

**DISPOSITION**

The judgment is affirmed.  Costs are awarded to Farmhouse.


                              WILEY, J.


We concur:


        STRATTON, P. J.



        GRIMES, J.


3